IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:15-CV-011-RLV-DCK

| | |
|---|---|
| THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| WANDA PRESTWOOD, | ) ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

To expedite the flow of discovery material and facilitate the prompt resolution of disputes over confidentiality, pursuant to the Court's authority under Rule 26(c),

IT IS HEREBY ORDERED THAT:

1. "Confidential" documents are documents so designated by the producing party. "Documents" means all written, recorded or graphic matter whatsoever and information, including data, produced on computer discs or tapes, any copies, reproductions, or summaries of the foregoing, including microfilmed, imaged or electronic copies. A party disclosing or producing information, documents or things that it believes to be "Confidential" shall designate the same as "Confidential" by using said designation on the document or thing at the time of disclosure and production. A party shall make the designation of "Confidential" only as to material which that party reasonably and in good faith believes is confidential and entitled to protection under Rule 26(c)(1)(G) of the Rules of Civil Procedure. With regard to discovery responses, any such designation shall be made at the time the responses are served and at the time that tangible things or copies of the documents are furnished to a party conducting such

1

discovery. If upon review any party believes that any documents, information, or tangible items designated by a designating party are not "Confidential" as defined herein above, then the party may challenge such designation under the procedures set forth in paragraph 9 below.

2. The special treatment accorded the documents designated "Confidential" under this Order shall reach (subject to the challenge provisions set forth below):

    (a) All documents designated "Confidential" under the terms of this Order;

    (b) All copies of such documents;

    (c) Any deposition transcript or exhibit, or portion thereof, that discusses such documents; and

    (d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses such documents.

3. Such confidential documents shall be used solely for the purpose of this action; shall not be used for any other business, competitive, or other purpose; and shall not be disclosed to any other person or third party other than:

    (a) Counsel for the parties in the above-styled action, including employees of such counsel who are assisting in the prosecution and/or defense of this suit;

    (b) The parties in the above-styled action;

    (c) The Court and personnel employed by the Court working on this litigation;

    (d) Court reporters at the proceedings in this action;

(e) Experts or consultants retained or consulted by the parties, but only as set out in the fourth paragraph herein below; and

(f) Deponents, trial witnesses, and potential deposition witnesses, but only as set out in the fourth paragraph herein below.

4. Prior to making such disclosure of any confidential documents or information pursuant to the third paragraph herein above, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may be used only for the purposes contemplated by this Protective Order. Additionally, a copy of this Order shall be shown to each person to whom disclosure of confidential documents and information is permitted, and shall be specifically advised by counsel that this Order applies to and is binding upon such individual. Further, each such person to whom disclosure of confidential documents and information is permitted shall agree in writing to be bound by the terms of this Order by executing a copy of Exhibit A prior to being shown any confidential documents or information. The party making use or disclosure of confidential documents or information shall take reasonable steps to ensure compliance with this Order.

5. Documents designated "Confidential," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such "Confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed under seal. Documents designated "Confidential" may be used or offered into evidence at the trial of this suit, or at any court hearing in this litigation, provided that when using "Confidential" documents in court, counsel

for the party using the "Confidential" documents shall take steps to insure against the inadvertent disclosure of the "Confidential" documents to persons not subject to this Order.

6. Any "Confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" documents at a deposition, at the request of the party asserting confidentiality the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of the Order subject to the right of any party to challenge such designation under paragraph 11.

7. If no party provides notice of the designation of "Confidential" on the record at the deposition none of the testimony from the deposition will be treated as subject to this Order. If a designation of "Confidential" is made on the record at the deposition the transcript shall be treated as "Confidential" under the provisions of this Order (subject to the right of any party to challenge such designation under paragraph 12) for a period of fifteen (15) days from the date the designating party receives the deposition transcript. Within fifteen (15) days of the receipt of the deposition transcript the party asserting certain testimony is "Confidential" shall designate the specific "Confidential" deposition testimony by underlining the portions of the testimony that is claimed to be "Confidential" and stamping such pages "Confidential" and providing the same to opposing counsel before the expiration of the fifteen (15) day period. Until expiration of the 15-day period, provided notice is given at the deposition pursuant to this paragraph, the entire deposition transcript will be treated as confidential under the provisions of this Order subject to the right to challenge said designation under paragraph 11.

8. Upon request by the producing party, within ninety (90) days of the conclusion of this matter as to all parties, each confidential document, and all excerpts or summaries thereof produced by that party, shall be returned to the producing party or destroyed with notice of such destruction provided to the producing party.

9. Nothing in this Order shall prevent a party from any use of its own confidential documents.

10. "Confidential" documents designated as such when produced by any party in response to discovery requests served after the filing of the complaint in this suit and prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

11. If upon review any party believes that any documents, information or tangible items designated by a designating party are not "Confidential", then the party may challenge the designation by notifying the designating party within ninety (90) days of receipt of the document, information or tangible item. The written notice must specifically identify the challenged documents, information or tangible items by bates numbered page where available. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, the objecting party may move for a protective order. Any motion for protective order shall be filed within thirty (30) days of receipt by the designating party of the written notice, and the challenged information shall continue to have Confidential status from the time it is produced until the ruling by the Court on the motion. Nothing herein shall be construed to change the burdens for any party as they exist under Rule 26(c).

12. Documents or information produced or served in the litigation that are not identified as "Confidential" when they were initially served may within 45 days after production or service be designated as Confidential by providing written notice to counsel for all parties. Each party who receives such written notice shall reasonably endeavor to retrieve any protected information that may have been disseminated, shall affix a confidential designation to the protected information, as the case may be, and shall thereafter distribute it only as allowed by this confidentiality agreement. No distribution prior to the receipt of such written notice shall be deemed a violation of this Agreement or a waiver of the protections afforded hereunder.

13. Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

14. No disclosure of Confidential Information, whether intentional, unintentional, inadvertent, or in camera, shall constitute a waiver of any of any entity's (whether party or non-party) rights to protect the confidentiality of the Confidential Information or to contest the alleged relevancy, admissibility, or discoverability of the Confidential Information sought. Waiver of such rights may occur only in a writing signed by entity waiving such rights. A waiver as to any item(s) of Confidential Information does not waive any entity's rights in any other Confidential Information.

15. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by either party, or by order of the Court. The provisions of this Order shall not terminate at the conclusion of the underlying action and the Court shall retain jurisdiction over the parties for the limited purpose of administering and enforcing this Order.

Signed: August 13, 2015

_____
David C. Keesler
United States Magistrate Judge

# EXHIBIT A
# TO
# PROTECTIVE ORDER

## CERTIFICATION OF [ insert name ]

I, _____, hereby acknowledge that I have been provided with a copy of the Protective Order relating to the case, *The Western and Southern Life Insurance Company v. Wanda Prestwood*; U.S. District Court for the Western District of North Carolina, 15-cv-00011-RLV-DCK, and I hereby represent and warrant that I have read the Protective Order in its entirety, and that I understand that I am obligated to comply with the terms of the Protective Order relating to the protection of "Confidential" documents and/or information.

Further, I hereby acknowledge and agree that I shall treat all "Confidential" documents and/or information that are provided to me in accordance with the requirements of this Protective Order and solely for the purpose for which it is provided to me, and that I shall not use, disclose, copy, retain or act with respect to such "Confidential" documents and/or information in any way that conflicts with the Protective Order.

SIGNED AND CERTIFIED UNDER PENALTIES OF PERJURY

BY: _____
     Print Name


_____
     Signature

DATE: _____